151 F.3d 763
 SHRINK MISSOURI GOVERNMENT PAC, a political action
committee; Zev David Fredman, Plaintiffs-Appellants,
v.
Richard ADAMS, in his official capacity as a Member of the
Missouri Ethics Commission; Patricia Flood, in her official
capacity as a Member of the Missouri Ethics Commission;
Robert Gardner, in his official capacity as a Member of the
Missouri Ethics Commission; Ervin Harder, in his official
capacity as a Member of the Missouri Ethics Commission;
John Howald, in his official capacity as Chairman of the
Missouri Ethics Commission; Elaine Spielbusch, in her
official capacity as a Member of the Missouri Ethics
Commission; Jeremiah W. Nixon, in his official capacity as
Missouri Attorney General; Robert P. McCullough, in his
official capacity as St. Louis County Prosecuting Attorney,
Defendants-Appellees.
Joan Bray, a Missouri State Representative; Common Cause, a
non-profit, non-partisan membership corporation
organized under the laws of the District
of Columbia, Movants.
 No. 98-2351.
 United States Court of Appeals,
Eighth Circuit.
 July 23, 1998.
 
 Before BOWMAN, Chief Judge, ROSS, and JOHN R. GIBSON, Circuit Judges.
 
 ORDER
 
 1
 On May 12, 1998, the District Court[1] upheld Missouri's $275, $525, and $1,075 limits on campaign contributions. See Shrink Mo. Gov't PAC v. Adams, 5 F.Supp.2d 734 (E.D.Mo.1998) (upholding provisions of Mo. Ann. Stat. § 130.032 (West Supp.1998)). On May 14, 1998, plaintiffs Shrink Missouri Government PAC (SMG) and Zev David Fredman appealed from that judgment. They seek an injunction during the pendency of their appeal.
 
 
 2
 To be entitled to an injunction pending appeal, appellants must meet the requirements outlined in Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109 (8th Cir.1981). Under Dataphase, they must show (1) the likelihood of success on the merits; (2) the likelihood of irreparable injury to appellants absent an injunction; (3) the absence of any substantial harm to other interested parties if an injunction is granted; and (4) the absence of any harm to the public interest if an injunction is granted. 640 F.2d at 114; see also Hilton v. Braunskill, 481 U.S. 770, 771, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); Fargo Women's Health Org. v. Schafer, No. 93-1579, 1993 WL 603600 (8th Cir. Mar. 30, 1993), reprinted in Fargo Women's Health Org. v. Schafer, 18 F.3d 526, 538 (8th Cir.1994) (appendix). Having considered the briefing supplied by appellants in support of their motion and by the state appellees in opposition thereto, we conclude that all four factors support the entry of an order enjoining appellees from enforcing the challenged campaign contribution limits pending a final determination by this Court.[2]
 
 
 3
 The most important of the Dataphase factors is the appellants' likelihood of success on the merits. In view of our prior case law, including Russell v. Burris, 146 F.3d 563 (8th Cir.1998), we conclude there is a strong likelihood that appellants will prevail when the case is heard on the merits. All campaign contribution limits restrict political speech, and thus they implicate the First Amendment. We are particularly concerned that it seems likely the state has failed in its burden of proof to show "that there is real or perceived undue influence or corruption attributable to large political contributions ... and ... that [the contribution limits] are narrowly tailored to address that reality or perception." Id. at 568. Similarly, we think it is likely the state has failed to show "that a reasonable person could perceive, on the basis of the evidence presented at trial, that such contributions make for undue influence or spawn corruption." Id. at 569. We note that the campaign contribution limits here at issue are, after adjustment for inflation, dramatically lower than the $1,000 limit upheld in Buckley v. Valeo, 424 U.S. 1, 23-38, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), and do not appear to be narrowly tailored to address any legitimate interest in avoiding corruption or the appearance of corruption.
 
 
 4
 The other three Dataphase factors also support an injunction pending appeal. Without an injunction pending our final decision, SMG and Fredman likely will suffer immediate and irreparable harm to their First Amendment rights because the primary election for which Fredman is a candidate will be held on August 4, 1998. SMG has contributed $1,075, the maximum sum permitted under the challenged Missouri statutes, to the "Fredman for Auditor" committee, and any additional contribution would run afoul of the criminal and civil sanctions imposed by those statutes. Fredman has accepted SMG's $1,075 contribution. He would accept additional contributions in excess of this amount but for the sanctions imposed for violations of the challenged Missouri statutes. The contribution limits thus work to restrict SMG in the promotion of its political viewpoints and in its expression of support for candidates who share its political goals. Likewise, the limits work to restrict Fredman from garnering the sums necessary to promote his campaign for state auditor and to deliver his political message.
 
 
 5
 Concerning the question of substantial harm to other interested parties if an injunction is granted, we are unable to discern any such harm. An order enjoining enforcement of the challenged Missouri campaign contribution limits merely restores the situation that existed before 1994 when the state did not limit campaign contributions. Finally, we believe the public interest in free political speech weighs heavily in favor of enjoining the challenged contribution limits pending this Court's final determination on the merits.
 
 
 6
 For the reasons stated, the motion for an injunction pending appeal is granted. Appellees are enjoined from enforcing the challenged campaign contribution limits pending a final decision by this Court on the merits of the case.
 
 
 
 [1]
 The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 This Court will reach the merits of the case on an expedited basis. An accelerated briefing schedule has been established requiring all briefing to be completed by August 10, 1998, and oral argument has been set for August 21, 1998 in Kansas City. A final decision on the merits will not be long delayed