JOHN R. GIBSON, Circuit Judge,
concurring in part and dissenting in part.
I concur with the court’s decision today, with its application of Federal Election Commission v. Colorado Republican Federal Campaign Committee, 533 U.S. 431, 121 S.Ct. 2351, 150 L.Ed.2d 461 (2001) (Colorado II), and with its opinion except for the last sentence of Part II. But in my view the court does not go quite far enough. Two aspects of the court’s decision demonstrate a hesitation to give effect to Missouri’s constitutionally valid campaign finance statutes that I think is no longer appropriate.
The court should vacate today its injunc-tive order of July 31, 2000, preventing Missouri from enforcing Mo.Rev.Stat. §§ 130.032.4 and 130.032.7 (2000), its statutes regulating party contributions to candidates in state elections. The State has requested that our injunctive order be vacated now. Yet the court today allows the order to remain in force despite the destruction of its legal underpinning.[1]
Our July 31 order, issued over my dissent, was a one-sentence, summary grant of injunction barring enforcement of the party contribution limits pending this appeal. This order made no effort to comply with the standards required by the Supreme Court in Hilton v. Braunskill, 481 U.S. 770, 776-77, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), and applied in our decision in Shrink Missouri Government PAC v. Adams, 151 F.3d 763, 764 (8th Cir.1998), and numerous other cases, for determining when an injunction pending appeal may issue.
The Supreme Court’s Colorado II decision and its order of June 29, 2001 (which vacated our judgment and opinion of September 11, 2000, instructing the district court to enter a permanent injunctive order), returned the case to us for reconsideration. Colorado II drastically altered the legal landscape that confronted the court when the original injunction pending appeal was issued. The court today issues *573 an opinion that decides the merits of the case against the Missouri Republican Party. The injunction should therefore be dissolved. The burden should be on the Party to demonstrate, inter alia, a likelihood of success on the merits (the “most important” factor in deciding whether an injunction should issue, Adams, 151 F.3d at 764), should it seek to continue the injunction.
Finally, the last sentence in Part II of the court’s opinion first speculates on what action may be taken in the future in this litigation, and then disclaims any decision on it. This is dictum, and I do not join in it.

. This may in some sense be a technical matter. Lifting our injunction would not have effect until a mandate issues to the district court below. But doing so would signal more strongly than our present opinion does that there is nothing before us to suggest that Missouri’s party contribution limits are other than fully enforceable.